**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO.:**

**KENNETHA ANDERSON,**
**an Individual**

**Plaintiff,**

**v.**

**MILLER'S ALE HOUSE, INC.,**
**a Foreign Profit Corporation,**

**Defendant.**
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED**

Plaintiff, **KENNETHA ANDERSON** ("Plaintiff"), files this Complaint against Defendant, **MILLER'S ALE HOUSE, INC.** ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant for race discrimination arising from Defendant's refusal to hire Plaintiff pursuant to 42 U.S.C. § 1981 ("Section 1981") as well as Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's Section 1981 and Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her Title VII and Section 1981 claims.

4. Plaintiff resides in Orange County, Florida, and the actions giving rise to this Complaint occurred in Orange County, Florida, therefore this venue is therefore proper.

5. Defendant is a Foreign Profit Corporation that is located and does business in, among others, Orange County, Florida, and is therefore within the jurisdiction of the Court.

6. At all times material, Plaintiff was protected from employment discrimination from Defendant by the FCRA, Title VII and Section 1981 because Plaintiff is a black female, which is a protected category under Title VII and the FCRA.

7. Defendant was at all times an "employer" as envisioned by Title VII and FCRA as it employed in excess of fifteen (15) employees.

8. Defendant was at all times an "employer" within the meaning of Section 1981

**<u>CONDITIONS PRECEDENT</u>**

9. On or around July 1, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging race discrimination against Defendant.

10. On or around December 22, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

11. On or around January 27, 2026, the FCHR issued a Notice of State Rights to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within one year of her receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. In late August of 2024, Plaintiff submitted an application for an open Human Resources Business Partner with Defendant.

15. Boasting an MBA in Human Resource Management and approximately five (5) years of Human Resources experience, Plaintiff was an excellent and eminently qualified candidate for the position.

16. In early September of 2024, Plaintiff participated in multiple rounds of interviews with Defendant, including in-person interviews.

17. Nevertheless, on September 17, 2024, Defendant's Senior Director of Talent Acquisition, Colleen Hughes ("Ms. Hughes"), called Plaintiff and informed Plaintiff that the Human Resources Business Partner position had been offered to another candidate.

18. In early December of 2024, Plaintiff inquired with Defendant about an open Human Resources Coordinator role, but Defendant did not reply to Plaintiff's inquiry.

19. Shortly thereafter, on March 15, 2025, Plaintiff received a phone call from Defendant's former Senior Human Resources Manager, Ms. Sharon Alvanzo ("Ms. Alvanzo").

20. Plaintiff had not theretofore been in communication with Ms. Alvanzo.

21. Ms. Alvanzo disclosed to Plaintiff that, back in early September of 2024, Plaintiff had been the most qualified candidate for the Human Resources Business Partner position, and had been recommended for the role by Ms. Alvanzo and by another Human Resources Business Partner, Shelly Arista ("Ms. Arista"), who had been one of the individuals who initially interviewed Plaintiff.

22. Ms. Alvanzo further disclosed to Plaintiff that, despite Plaintiff having been the best and most qualified candidate for the Human Resources Business

Partner position, a White/Caucasian Senior Vice President nevertheless overrode the recommendations of Ms. Alvanzo and Ms. Arista, and hired a less qualified White/Caucasian individual for the position.

23. Ms. Alvanzo also disclosed that Ms. Hughes had declared Plaintiff unfit for the Human Resources Business Partner role due to Plaintiff's use of dialect characteristic of Black/African-American individuals.

24. Defendant has asserted that a negative reference from Plaintiff's prior employer was a factor in its decision not to hire Plaintiff.

25. This alleged reference was never disclosed to Plaintiff during the hiring process and only became known months later.

26. Similarly situated non-Black candidates, including the individual selected for the position, were not subjected to the same reference check or scrutiny.

27. Plaintiff's race was the sole reason Defendant decided not to hire Plaintiff for the Human Resources Business Partner role.

28. Any other reason theorized by Defendant is mere pretext.

29. Defendant did not have a legitimate, non-discriminatory reason for its actions.

30. By reason of the foregoing, Defendant's actions affected Plaintiff's ability to enjoy the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens" in violation of § 1981.

31. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of wages, benefits, and other remuneration to which she is entitled.

32. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

33. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII DISPARATE TREATMENT/REFUSAL TO HIRE BASED ON RACE**

34. Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1 through 2, 4 through 7, 9 through 10, and 12 through 33, above.

35. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Title VII.

36. The discrimination/disparate treatment to which Plaintiff was subjected was based on her race.

37. Plaintiff was qualified for the position for which she applied.

38. Defendant refused to hire Plaintiff due to her race.

39. Defendant treated similarly situated individuals outside of Plaintiff's protected class more favorably.

40. Defendant's discriminatory actions were egregious, and provide direct evidence of its motive to discriminate against Plaintiff.

41. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

42. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

43. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

44. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

45. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands damages for lost wages, loss of future earning capacity, emotional distress, compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees and costs, and any other relief this Court deems just and proper.

**COUNT II: RACE DISCRIMINATION IN VIOLATION OF THE FCRA DISPARATE TREATMENT/REFUSAL TO HIRE BASED ON RACE**

46. Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1, 3 through 7, 9, and 11 through 33, above.

47. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under the FCRA, Chapter 760, Florida Statutes.

48. The discrimination/disparate treatment to which Plaintiff was subjected was based on her race.

49. Plaintiff was qualified for the position for which she applied.

50. Defendant refused to hire Plaintiff due to her race.

51. Defendant treated similarly situated individuals outside of Plaintiff's protected class more favorably.

52. Defendant's discriminatory actions were egregious, and provide direct evidence of its motive to discriminate against Plaintiff.

53. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

55. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

56. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands damages for lost wages, loss of future earning capacity, emotional distress, compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF SECTION 1981 REFUSAL TO HIRE BASED ON RACE

57. Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1 through 2, 4 through 6, 8, and 14 through 33, above.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Section 1981.

59. The discrimination to which Plaintiff was subjected was based on her race.

60. Plaintiff was qualified for the position for which she applied.

61. Defendant refused to hire Plaintiff due to her race.

62. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

64. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands damages for lost wages, loss of future earning capacity, emotional distress, compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees and costs, and any other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 19th day of March, 2026.

Respectfully Submitted,

***/s/ Andres Kroboth***

Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: andres@floridaovertimelawyer.com

*Counsel for Plaintiff*